Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7080 | **DATE** | 7/13/2001 |
| **CASE TITLE** | Eileen Hart vs. Federal Express Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 7/27/2001 at 9:00 A.M.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff's Motion for Leave to File a First Amended Complaint [22-1] is granted. Plaintiff's motion to compel [17-1] is under advisement.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 31 |
| | Notified counsel by telephone. | JUL 16 2001 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 JUL 13 PM 5:09 | date mailed notice |
| courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 00 C 7080 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Nan R. Nolan |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

DOCKETED
JUL 1 6 2001

Plaintiff has filed a Complaint against her employer, Federal Express Corporation ("Federal Express") alleging claims of sex discrimination, retaliation, violations of the Americans with Disabilities Act, infliction of emotional distress, and negligent retention of an employee. These claims stem from alleged adverse treatment Plaintiff suffered at the hands of Federal Express following an assault upon her by a male co-worker. Currently pending before this Court is Plaintiff's Motion for Leave to File First Amended Complaint. By this motion, Plaintiff seeks to add a claim under the Family and Medical Leave Act (FMLA), a claim of conversion, a class claim under Federal Rule of Civil Procedure 23 alleging a violation of the Illinois Wage and Collection Act, 820 ILCS 115/9 and conversion, and a class claim under the Fair Labor Standards Act (FLSA).[1] For the

---

[1] While Plaintiff does not appear to be asserting an FLSA class claim under Rule 23, the Court notes for purposes of clarity that Rule 23 class actions are not permitted under the FLSA. Rather, the FLSA contains a collective action procedure whereby potential plaintiffs must opt *in* to the class rather than opt out as they do under Rule 23. See 29 U.S.C. § 216(b).

following reasons, Plaintiff's motion will be granted.

Defendant argues that Plaintiff's proposed amendments to add both a claim under the Fair Labor Standards Act (Count IX) and a claim under the Illinois Wage and Collection Act (Count VIII) would be futile. "Even though Rule 15(a) provides that 'leave shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), a district court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility." General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1084 (7th Cir.1997). "The opportunity to amend a complaint is futile if 'the complaint, as amended, would fail to state a claim upon which relief could be granted." ' Id. (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997)) (internal quotation omitted). "This standard is the same standard of legal sufficiency that applies under Rule 12(b)(6)." Id. In ruling on a motion to dismiss under Rule 12(b)(6), a district court must accept as true all well-pleaded allegations asserted in the complaint. See Marmon Group, Inc. v. Rexnord, Inc., 822 F.2d 31, 34 (7th Cir.1987). All reasonable inferences to be drawn from those allegations are also accepted as true. See Nelson v. Monroe Regional Med. Ctr., 925 F.2d 1555, 1558 (7th Cir.1991). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff's FLSA claim concerns amounts Defendant withheld from Plaintiff's pay due to an alleged overpayment of disability benefits. Hart argues that Defendant impermissibly deducted 25% of her gross wages as reimbursement for the alleged overpayment, causing her net salary to fall below the minimum wage of $5.25 per hour. See 29 U.S.C. § 201, et seq. Defendant argues that Plaintiff's proposed amendment to add a claim under the minimum wage requirement of the FLSA

is futile because the deduction did not actually cause Plaintiff's salary to fall beneath the minimum wage. Defendant maintains that Plaintiff earns $13.27 per hour, and that it is mathematically impossible for a 25% deduction to reduce her salary beneath the minimum wage. Defendant points out that Plaintiff's argument that her wages fall below the minimum depends upon the inclusion of many voluntary deductions, as well as the amounts withheld from her paycheck for state and federal taxes, with the 25% deduction to reimburse the disability overpayment.

In its consideration of Plaintiff's claim under the Illinois Wage and Collection Act, Defendant argues that this claim is futile because it is pre-empted by ERISA. Defendant cites to Egelhoff v. Egelhoff, 121 S.Ct. 1332 (2001), which holds that when a state statute conflicts with ERISA's requirement that plans be administered in accordance with plan documents, the state statute is pre-empted by ERISA. Plaintiff relies on a case from this district, Nagel v. Chuckerman Packaging, LTD, 19 F. Supp.2d 826 (N.D. Ill. 1998), for her assertion that her claim is not preempted by ERISA. In distinguishing the Nagel case, Defendant refers to the specific sections of the governing ERISA plan which required Defendant to withhold any excess benefits paid to an employee if the employee did not voluntarily repay them. Defendant argues that the Plan at issue in the Nagel case did not contain such specific language which authorized deductions from the plaintiff's wages. Because the Illinois Wage and Collection Act was not completely at odds with the Plan language, the court in Nagel found that the state statute was not completely preempted by ERISA. Nagel, 19 F. Supp.2d at 828-29.

In making its arguments that these two claims are futile, Defendant relies on documents outside of the Complaint. In its analysis of the FLSA claim, Defendant extensively refers to a pay stub which Plaintiff attached to her Reply brief. In its discussion, Defendant refers to specific

deductions to her salary in order to show that there is no violation of the minimum wage requirement. (Def.'s Second Resp. at 3-5.) In its examination of the Illinois Wage and Collection Act, Defendant refers to specific portions of the ERISA plan to demonstrate that the Illinois state law is preempted. Generally, in a motion to dismiss under Rule 12(b)(6), if the court considers documents outside the pleadings the court must convert the defendant's Rule 12(b)(6) motion to a motion for summary judgment. Carter v. Stanton, 405 U.S. 669, 671 (1972). However, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993).

While this issue arises not in conjunction with a motion to dismiss but with a motion for leave to amend, the Court considers Defendant's futility argument under the same standards it would use to analyze a motion to dismiss under Rule 12(b)(6). Therefore, the Court finds the holding in the Venture Associates case to be applicable to its examination of this motion to amend, and in order for the Court to appropriately consider these documents, they must be "referred to in the plaintiff's complaint and [be] central to her claim." Venture Associates, 987 F.2d at 431. While an argument could be made that the documents (particularly the ERISA Plan) are central to Plaintiff's claim, neither are referred to in her Proposed Amended Complaint. Therefore, consideration of Defendant's arguments which depend upon its references to these outside documents is inappropriate at this time.

Without reference to the documents alluded to by Defendant in its arguments, it is not apparent from the face of the proposed amended complaint that Plaintiff "can prove no set of facts in support of her claim which would entitle [her] to relief." See Conley v. Gibson, 355 U.S. at 45-46.

Therefore, under the standards of Rule 12(b)(6), the Court cannot determine that Plaintiff's FLSA and Illinois Wage and Collection Act claims would be futile. For this reason, Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: JUL 1 3 200#

5